## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### *Fort Lauderdale Division*

Case Number: **25-cv-60354-RLR**

WELLS FARGO FINANCIAL
SYSTEM FLORIDA, INC,
     Plaintiff/Appellee,

v.

5307 CWELT-2008 LLC, *et al.*,
     Defendant/Appellant,.

## <u>DEFENDANT 5307 CWELT-2008 LLC'S MOTION TO STAY</u>
## <u>REMAND ORDER PENDING APPEAL</u>

The Defendant/Appellant 5307 CWELT-2008 LLC ("5307 CWELT-2008" or the "Defendant") moves the Court to stay its March 6, 2025, remand order [ECF No. 4], pending the resolution of 5307 CWELT-2008's appeal to the United States Court of Appeals for the Eleventh Circuit (the "Eleventh Circuit").

An automatic stay applies to the remand order under the longstanding background rule that an interlocutory appeal automatically stays all related proceedings to avoid "defeating the point of the appeal." *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023). Also See *Town of Pine Hill v. 3M Company*, No. 24 00284 (S.D. Ala., April 2, 2025); *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265, 271 (4th Cir. 2025). Because 5307 CWELT-2008's appeal will determine the proper forum in which this case should be resolved, the appeal operates as an automatic stay of the remand order.

Even if no automatic stay applied, a stay of the remand order is warranted under the traditional stay factors to preserve the status quo and to prevent the irreparable harm that would

result from the loss of the federal forum and the disruption of the litigation if the case is remanded and then reversed on appeal.

**INTRODUCTION**

Plaintiff filed its Complaint in the Circuit Court of Broward County, Florida ("state court"), seeking to hold 5307 CWELT-2008 and other Defendants liable based on alleged defaults of mortgage payments. Paragraph ten (10) of the state court complaint clearly and unequivocally shows the amount in controversy regarding the state court complaint is $280,162.08. See [ECF No. 1]; *Exhibit A* at 10.

Under 28 U.S.C. § 1332, a federal court has diversity jurisdiction when there is complete diversity between plaintiffs and defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. A removal from state court to federal court is permissible pursuant to 28 U.S.C. § 1441(a) so long as the action originally lies within the jurisdiction of the federal courts.

5307 CWELT-2008 removed this action to this federal Court based on the Court's diversity jurisdiction, 28 U.S.C. §§§ 1332, 1441 and 1446. [ECF No. 1]. As the basis for diversity jurisdiction, 5307 CWELT-2008 averred that "this action is between citizens of different states, and the amount in controversy is greater than $75,000…". Thus, as alleged in the Defendant's notice of removal, "this action could have originally been filed in this Court." Respectfully, the Court's March 6, 2025 order, is not based on a lack of the parties' diverse citizenship, nor is the *sua sponte* order openly based on the Defendant's failure to allege that the amount in controversy. In fact, the order never even mentions the parties' citizenship or the $75,000 "amount in controversy" diversity jurisdictional thresholds – let alone, basis the remand order on either of those critical diversity jurisdictional requirements.

Extremely relevant here, it has now been over <u>70 days</u> since 5307 CWELT-2008 filed the February 24, 2025 notice of removal – yet,  Plaintiff still has not even bothered appearing in this federal proceeding, let alone, filed a timely motion to remand. Nevertheless, after the Court issued its *sua sponte* order remanding the case to state court [ECF No. 4], the Defendant filed a notice of appeal from that remand order on April 11, 2025. [ECF No. 9].

**FACTUAL HISTORY**

On February 24, 2025, the Defendant 5307 CWELT-2008 removed this case from the state court on the bases of 28 U.S.C. §1332 (diversity jurisdiction) [ECF No. 1], also see 28 U.S.C. §§ 1441 and 1446.

On March 6, 2025, this Court issued a *sua sponte* judgment, apparently finding that the Court did not have *[diversity]* jurisdiction and ordered remand of this case to the state court. [ECF No. 4]. Also on March 6, 2025, the clerk of the court sent a letter to the clerk of the state court notifying the state court clerk of the requirements of 28 U.S.C. §1447 – i.e.,  that "a certified copy of the District Court's Order of Remand must be mailed to the Clerk of the State Court." [ECF No. 5].

On April 2, 2025, Defendant 5307 CWELT-2008 filed a motion asking this Court to reconsider [ECF No. 7] its March 6, 2025 *sua sponte* remand order. The Defendant's April 2, 2025 motion for reconsideration tolled the execution and the time to appeal the March 6, 2025 judgement. On April 3, 2025, the Court entered a "paperless order" denying 5307 CWELT-2008 April 2, 2025 motion for reconsideration. [ECF No. 8].

A few days later, on April 11, 2025, the Defendant 5307 CWELT-2008 filed an appeal of the March 6, 2025 *sua sponte* remand order, and the April 3, 2025 order denying the Defendant's motion for reconsideration. [ECF No. 9]. 5307 CWELT-2008 appealed pursuant to 28 U.S.C.

§1447(c)-(d). Also, on April 11, 2025, the Defendant filed this motion to stay execution of the remand order pending appeal.

### ARGUMENT

I.     **Pursuant to Federal Rules of Civil Procedure 62(a) - until a Certified Copy of the Remand Order is "Executed" (30 days after its issuance by the Court) and Received by the Clerk of the State Court, this Court still Retains Jurisdiction to Stay it's *Sua Sponte* Remand Order. Also See *Town of Pine Hill v. 3M Company*, No. 24 00284 (S.D. Ala., April 2, 2025).**

Yes, it is true that section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).

However, there are exceptions to this general prohibition on appellate review. The Supreme Court has explained that § 1447(d) applies "only [to] remands based on grounds specified in § 1447(c)." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996). (quotation omitted). Also See *Shipley v. Helping Hands Therapy*, 996 F.3d 1157 (11th Cir. 2021). Also see *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009).

28 U.S.C. § 1447(c), which states, "A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case." Thus, the undisputed proposition is that this district court *retains jurisdiction* to Stay its remand order (even if it's already mailed) - that's because the order is appealable under section 1447(d).... Where a remand order is appealable under section 1447(d), "the remand order is treated like any other final judgment." *Thomas v. LTV Corp.*, 39 F.3d 611, 616 (5th Cir. 1994).

More importantly, pursuant to Federal Rule of Civil Procedure 62(a), "execution on a judgment and proceedings to enforce it are stayed for 30 days after its entry, unless the court orders otherwise." See *Town of Pine Hill*. Moreover, Federal Rule of Civil Procedure 54(a) defines "judgment" as "a decree and any order from which an appeal lies." So, even if the Court's

March 6, 2025 remand order has already been transmitted, the 30-day automatic stay is in effect. See *Town of Pine Hill*, citing *W. Virginia State Univ. Bd. of Governors for & on behalf of W. Virginia State Univ. v. Dow Chem. Co.*, No. 2:17-CV-3558, 2020 WL 3053542, at *1 (S.D.W. Va. June 8, 2020) ("Inasmuch as this case was removed pursuant to 28 U.S.C. § 1442, defendants are entitled to a 30-day automatic stay on the execution of the remand order from the date of its issuance.").

As such, pursuant to calculations under Federal Rule of Civil Procedure 6(a), the automatic stay in this case is still in effect until May 3, 2025. Accordingly, this Court did not lose jurisdiction of this case – even if a certified copy of the remand order was actually mailed to the state court because when the Defendant 5307 CWELT-2008 filed the April 11, 2025 notice of appeal, the automatic stay immediately went into effect preventing the execution of the court's March 6, 2025 judgment. Thus, the Clerk's action of transmitting, sending, or mailing the remand order will be ineffective until the automatic stay expires on May 3, 2025. *Town of Pine Hill*.

Moreover, a denial of this motion to stay by this District Court, would be inconsistent with the precedence in *City of Martinsville, Virginia v. Express Scripts, Inc.*, 128 F.4th 265, 271 (4th Cir. 2025), wherein that Court found that there was a mandatory stay of the remand order in a civil case based on *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741(2023) and *Griggs v. Provider Consumer Discount Co.*, 459 U.S. 56, 58 (1982).

The Court in *Martinsville* relied on the fact that "at the time of the appeal, the district court still had an action it needed to take before it could shunt the case elsewhere - the statutorily required *action* of the clerk mailing the order to the clerk of the state court.. According to *Martinsville*, "that is a proceeding in the district court to which *Coinbase* applies." *Martinsville* at 271. In other words, because the March 6, 2025 judgment of remand still had not been

enforced on April 11, 2025, there was still a proceeding related to the appeal, which should be stayed pending the appeal as of right. See *Town of Pine Hill*.

When a judgment of remand can be appealed as of right, the judgment is automatically stayed for 30 days pursuant to Rule 62(a). During this 30-day period, the Court can entertain motions to reconsider, or the parties can appeal. Here, the Court would be jumping the gun, even if the clerk of this Court has already transmitted the case to the state court before the 30-day period run. See *Town of Pine Hill*. Cleary, the appeal in this case was timely filed within the time provided by the automatic stay. Once the appeal was filed on April 11, 2025, this Court lost jurisdiction to execute the remand at the end of the automatic stay. As explained in *Griggs*:

> The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. See, e.g., *United States v. Hitchmon*, 587 F.2d 1357 (CA5 1979). Cf. *Ruby v. Secretary of United States Navy*, 365 F.2d 385, 389 (CA9 1966) (en banc) (notice of appeal from unappealable order does not divest district court of jurisdiction), cert. denied, 386 U.S. 1011, 87 S.Ct. 1357, 18 L.Ed.2d 440 (1967). Griggs at 58.

In *BP P.L.C. v. Mayor & City Council of Baltimore*, 593 U.S. 230, 141 S. Ct. 1532, 1536 (2021), the Supreme Court stated that "Congress has deemed it appropriate to allow appellate review before a district court may remand a case to state court." While this is prefatory language, it explains the plain meaning of 29 U.S.C. §1447(d). Accordingly, the execution of the remand order is stayed until the appeal is complete. See *Town of Pine Hill*.

## II.   Further Proceedings Are Automatically Stayed Pending 5307 CWELT-2008's Interlocutory Appeal

Further proceedings during the Defendant's interlocutory appeal are automatically stayed because "the entire case is essentially 'involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 741 (2023). In general, "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Id. at 740*

(quoting *Griggs v. Provider Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). That principle "reflects a longstanding tenet of American procedure" designed to preserve "scarce judicial resources." *Id. at 740, 743*. Accordingly, when Congress authorizes an interlocutory appeal, a stay of further related proceedings is "automatic" unless Congress expressly provides otherwise. *Id. at 744*.

In *Coinbase*, for example, the Supreme Court held that the interlocutory appeal of a motion to compel arbitration automatically stayed all proceedings in the district court. *599 U.S. at 744*. The Supreme Court explained that "whether 'the litigation may go forward in the district court is precisely what the court of appeals must decide,'" so "it 'makes no sense'" for the district court proceedings to continue while the antecedent question is resolved. *Id. at 741*. If the rule were, otherwise, the Supreme Court explained, "a right to an interlocutory appeal would be largely nullified"—"many of the asserted benefits of arbitration … would be irretrievably lost." *Id. at 743*. The right to an appeal absent a stay would be "like a lock without a key, a bat without a ball, a computer without a keyboard—in other words, not especially sensible." *Id. at 743*.

As the Fourth Circuit recently held, the *Coinbase* logic applies with full force in this context and means that proceedings in the district court are automatically stayed when a defendant takes an interlocutory appeal of a remand order under § 1447(d). *See City of Martinsville v. Express Scripts, Inc.*, 128 F.4th 265, 268 (4th Cir. 2025) (holding that defendant's appeal under § 1447(d) "requires that the district court halt all proceedings related to the appeal").

Congress has given 5307 CWELT-2008 the right to file an interlocutory appeal of the order remanding this case because the Defendant asserted that diversity jurisdiction is proper under the diversity and removal statutes. 28 U.S.C. §§ 1332, 1441and 1446, also see 1447(c)-(d),

respectively; *see BP p.l.c.*, 593 U.S. 230. As with a motion to compel arbitration, the fundamental question at issue here is "which forum will hear the case." *Martinsville*, 128 F.4th at 270.

So "essentially the whole case is 'involved in'" 5307 CWELT-2008's appeal of the remand order. Id. Under *Coinbase* and *Martinsville*, then, any further proceedings in this case are automatically stayed.[1]

Plaintiff may argue that *Coinbase* is limited to orders compelling arbitration. But that is not so. *Coinbase* was based on a general background rule that is trans-substantive. While that case was decided in the arbitration context, the Supreme Court noted that its conclusion was consistent with what courts have said in similar interlocutory-appeal circumstances, such as "qualified immunity and double jeopardy" and certified appeals under 28 U.S.C. § 1292(b). 599 U.S. at 742. *Martinsville* explains that there is no reason why that principle should not also apply with respect to interlocutory remand appeals. 128 F.4th at 271.[2]

Thus, this Court should recognize that further proceedings are automatically stayed until the Eleventh Circuit determines where this dispute will be resolved.

## TRADITIONAL STAY

**I.      This Court Should Issue a Stay Because 5307 CWELT-2008 Is Likely to Prevail on Appeal and Would Be Prejudiced Without a Stay.**

A stay is warranted for two alternative reasons: (1) once again, proceedings are automatically stayed pending 5307 CWELT-2008's interlocutory appeal to the Eleventh Circuit,

---

[1] In *Martinsville*, the court did not need to reach the question whether the automatic stay would apply even if the appeal were filed after the district court "mailed" its remand order to state court under 28 U.S.C. § 1447(c). This Court emailed copies of the remand order to the state court before the notice of appeal was filed. But that makes no difference because this Court maintains jurisdiction to stay the remand order. And the principles animating *Coinbase* apply equally regardless of that minor sequencing difference.

[2] As the Fourth Circuit noted, the Eleventh Circuit has said in an unpublished order that "*Coinbase* was limited to arbitration proceedings." *Georgia v. Clark*, No. 23-13368, Dkt. 26 at 2 (11th Cir. Dec. 21, 2023). The order added that *Coinbase* did not envision a stay of "state court" proceedings. Id. That order, however, is not binding on this Court. This Court should follow *Martinsville* and hold that an automatic stay applies.

and (2) even if an automatic stay did not apply (but it does), this Court should still issue a stay because 5307 CWELT-2008 is substantially likely to prevail on appeal given the Eleventh Circuits decision in *Corporate Management Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, (11ᵗʰ Cir. 2009)*, and would be prejudiced if this case proceeds in state court in derogation of 5307 CWELT-2008's right to a federal forum. Also see *Shipley v. Helping Hands Therapy*, 996 F.3d 1157 (11th Cir. 2021).

In considering whether such a stay is warranted, courts balance four factors: (1) the likelihood that the party seeking the stay will succeed on the merits of the appeal; (2) the likelihood that the moving party will be irreparably injured absent a stay; (3) whether issuance of the stay will "substantially injure" the other parties interested in the proceeding; and (4) the public interest. *New Ga. Proj. v. Raffensperger*, 976 F.3d 1278, 1280 (11th Cir. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 425–26 (2009)).

### (1) 5307 CWELT-2008 has Demonstrated a Likelihood of Success on the Merits Because Under 28 U.S.C. § 1332, this Court Had Original Jurisdiction over this Civil Action.

"'A substantial likelihood of success on the merits requires a showing of only likely or probable, rather than certain, success.'" *Gonzalez v. Governor of Ga.*, 978 F.3d 1266, 1271 n.12 (11th Cir. 2020) (quoting *Schiavo v. Schiavo*, 403 F.3d 1223, 1232 (11th Cir. 2005) (emphasis in original)). Particularly given recent precedent from other courts, this factor weighs in favor of a stay.

Even if proceedings were not stayed automatically by the Defendant's appeal, this Court should still grant a stay pending appeal—particularly in light of on-point precedent from the Eleventh Circuit that was released before this Court had issued its remand order. However, those

Eleventh Circuit decisions in *Corporate Management*, and in *Shipley*, reaches the opposite conclusion as this Court did on March 6, 2025.

The first factor "is where much of the work gets done on a stay request." *New Ga. Proj.*, 976 F.3d at 1283. The Eleventh Circuit has "'emphasized' that granting a stay that simply maintains the status quo pending appeal 'is appropriate when a serious legal question is presented, when little if any harm will befall other interested persons or the public and when denial of the stay would inflict irreparable injury on the movant.'" *LabMD, Inc. v. FTC*, 678 F. App'x 816, 819 (11th Cir. 2016) (quoting *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (per curiam)).

The issue here is <u>NOT</u> whether a Defendant, as a "business entity"… "must be represented by an attorney," a. the core issue presented here is whether that alleged "pro se business entity's" February 24, 2025 removal to this Court is a "<u>procedural</u>" defect in the removal process, or a "<u>jurisdictional</u>" defect. While direct Eleventh Circuit authority on the removal of a pro se business entity is limited, the principles articulated in such cases supports a framework whereby procedural defects in removal remain waivable provided that the underlying subject matter jurisdiction is intact.

Diversity jurisdiction is a type of subject matter jurisdiction that is governed by 28 U.S.C. § 1332. No question of federal law is required, and jurisdiction is concurrent with that of the state courts, which means that if the requirements for federal diversity jurisdiction are satisfied (as they are here), the plaintiff can file the action in either federal or state court.

The Court's March 6, 2025 *sua sponte* remand order appears to be based solely on the Court's perception that "because 5307 CWELT-2008 is an alleged pro se business entity, it must be represented by licensed counsel". See [ECF No. 4].

More specifically, the Court held, through its *sua sponte* remand order, that the case should be remanded because (according to the Court), 5307 CWELT-2008, as a pro se business entity, must be represented by an attorney. See ECF No. 4, 2nd paragraph.

However, under 28 U.S.C. § 1332, the federal district courts have original jurisdiction over **all civil actions** between parties of diverse citizenship, when the amount in controversy exceeds $75,000 – which is exactly the case here. 28 U.S.C. § 1332(a)(1). Moreover, if an action originally filed in state court (such as this instant action) could have been brought in federal court pursuant to diversity jurisdiction, then 28 U.S.C. §1441 grants defendants the option to remove that action to federal district court as well. 28 U.S.C. §1441(a).

28 U.S.C. § 1332(a) provides, in relevant part:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between:
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;

Thus, the **ONLY** two requirements for federal courts (such as this Court) to exercise diversity jurisdiction are: (1) the plaintiff and defendant must be citizens of different states; and (2) the amount in controversy must be greater than $75,000, exclusive of interest and costs. Here, there are absolutely no disputes to 5307 CWELT-2008's allegations that the plaintiff and defendant are indeed citizens of different states - nor are there any disputes regarding the Defendant's allegations that the amount in controversy exceeds $75,000. More importantly, the Court's March 6, 2025 *sua sponte* order certainly is not openly based on a failure of 5307 CWELT-2008 to allege either of those two diversity jurisdictional requirements.

Pursuant to §1332(a)(1), this Court had subject matter jurisdiction over this case because it is without any dispute whatsoever that on March 3, 2016, this case "could have been brought

in this federal court. This is true because the notice of removal alleges that "this is a civil action between parties of diverse citizenship" and that the amount in controversy exceeds $75,000 – 28 U.S.C. § 1332 requires nothing else.

Once again, nowhere in its March 6, 2025 *sua sponte* remand order, does the Court even mentions the parties "diverse citizenship" or the "$75 amount in controversy" requirements, let alone points to these critical diversity jurisdictional thresholds as basis for it *sua sponte* remand order. But instead, the Court, in its March 6, 2025 remand order, focuses solely on a perceived non-jurisdictional procedural defect in the removal process - *i.e.*, a "limited liability company removing a case without representation by counsel".

However, such allegations of *procedural* defects (anything outside of 1332(a)(1)'s diverse citizenship; and its $75,000 amount in controversy requirements), must be raised by the Plaintiff (not the Court) in a timely manner, *i.e.*, within 30 days of Defendant's February 24, 2025 filing of the notice of removal – here, that simply did not happen.

As stated earlier, section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise...."  However, § 1447(d) "is tightly circumscribed to cover only remand orders within the scope of 28 U.S.C. § 1447(c), based on (1) a district court's lack of subject matter jurisdiction or (2) a defect in removal other than lack of subject matter jurisdiction that was raised by the motion of a party within 30 days after the notice of removal was filed." *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir.2008) (internal quotation marks and citation omitted).

Here, the Court based its March 6, 2025 *sua sponte* remand order on a perceived lack of subject matter jurisdiction – specifically on the basis that  5307 CWELT-2008, as a business entity must be represented by an attorney. However, a business entity removing a case without an

attorney is not listed as one of section 1332's diversity jurisdictional requirements and is therefore a "procedural" requirement or defect, rather than a "jurisdictional" defect. For example, there is nothing the record before this Court, nor in the Court's March 6, 2025 order that refutes the Defendant's factual statements that the plaintiff and defendant are citizens of different state, and that the amount in controversy is more than $75,000 and as such, the Court's diversity jurisdiction is untouched.

Indeed, on March 6, 2025 this Court exceeded its authority under § 1447(c) by remanding this case because of a perceived procedural defect in the removal process without waiting for Plaintiff's motion to remand. see *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir.2001). Also see *Corporate Management* and *Shipley*.

As the Eleventh Circuit held in *Whole Health*, "[t]he language of § 1447(c), especially Congress's use of the language `a motion to remand ... must be made,' in connection with remand based on a procedural defect in the removal process, and the lack of that phrase with respect to removal for lack of subject matter jurisdiction, indicates that the district court must wait for a party's motion before remanding a case based on procedural defect." *Id.* at 1320-21.

For the same reason as here - because the Plaintiff in *Shipley* did not file a motion to remand based on a procedural defect within the 30-day period, *Shipley*, as did the Plaintiff here, forfeited any procedural objection to removal. See *Shipley*.

- ***Removal by an Alleged Unrepresented Business Entity Is a Non-jurisdictional, Waivable Procedural Defect[3]***

"The general removal statute, 28 U.S.C. § 1441(a), provides that `<u>any civil action</u>' over which a federal court would have original jurisdiction may be removed to federal court by `<u>the defendant or the defendants</u>.'" *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 437 (2019).

---

[3] See ECF No. 7, ¶¶ 22-38.

The Supreme Court clarified that the referenced "defendant" means "the party sued by the original plaintiff"—not a third party, crossclaim, or counter-claim defendant. Needless to say, pursuant to *Home Depot*, a limited liability defendant like 5307 CWELT-2008 is the type of "defendant" that clearly has authority to remove a case from state court to federal court. *Important here, 28 U.S.C. § 1441(a), nor Home Depot explicitly prohibits business entity defendants, (such as 5307 CWELT-2008) from removing a case.* Thus, if an unrepresented LLC defendant such as 5307 CWELT-2008 does file a notice of removal to federal court, <u>and the plaintiff NOT raises an objection</u> to removal of the case within 30 days, as required under the remand statute § 1447(c), then the question becomes whether that allegedly improper removal is a non-waivable jurisdictional defect or whether it is a waivable procedural defect. See *Wilson*.

In its March 6, 2025 *sua sponte* remand order, it appears that Court found that an improper removal by an unrepresented, *pro se* LLC, somehow strips this Court of subject matter jurisdiction and thus, requires immediate remand to the state court. However, according to *Home Depot*, *Wilson*, and an abundance of other binding case law, the answer to that question lies in the plain text of the remand statute. (Also see

Section 1447(c) states that "[a] motion to remand the case on the basis of <u>any</u> defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Thus, the statute provides two bases for remand:

> (1) a lack of subject matter jurisdiction that can be raised at any time before final judgment or

> (2) a defect other than lack of subject matter jurisdiction that must be raised within 30 days after filing the notice of removal. *Snapper, Inc. v. Redan*, 171 F.3d 1249, 1252-53 (11th Cir. 1999).

And a defect other than lack of subject matter jurisdiction can only be raised through a party's motion and not *sua sponte* by the district court. *See Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (concluding that a district court lacks authority to *sua sponte* remand a case for a procedural defect in removal and "a `procedural defect' within the meaning of § 1447(c) refers to ***any*** defect that does not go to the question of whether the case originally could have been brought in federal district court") (quoting *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993)).

More importantly, there is absolutely no dispute whatsoever that this instant case could have been originally filed in this federal court. "Subject matter jurisdiction defines the court's authority to hear a given type of case; it represents the extent to which a court can rule on the conduct of persons or the status of things." See *Wilson*, also see *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (internal quotations omitted).

Indeed, a district court can hear a case only if it has at least one of three types of subject matter jurisdiction:

> (1) jurisdiction under a specific statutory grant;
> (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or
> (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." *Thermoset Corp. v. Bldg. Materials Corp. of Am.*, 849 F.3d 1313, 1317 (11th Cir. 2017) (internal quotation omitted).

Here, no one disputes that there is complete diversity between 5307 CWELT-2008, a Florida citizen, and Wells Fargo Financial System Florida, Inc, a citizen of Iowa. (See ECF No. 1, 6-8]. Therefore, even if 5307 CWELT-2008 removed the case without an attorney, diversity would not be destroyed. Moreover, since there is no dispute that the amount in controversy exceeds $75,000, this Court should therefore conclude that it has original subject matter

jurisdiction under § 1332(a). See *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 412 (11th Cir. 1999).

When a district court could have exercised original subject matter jurisdiction had the case been initially filed in federal court, the only other basis for remand is a defect that is subject to the 30-days rule under § 1447(c). In *Snapper*, the 11th Circuit defined "defect" as "[t]he want or absence of some legal requisite; deficiency; imperfection; insufficiency" and "[w]ant or absence of something necessary for completeness or perfection; deficiency." *Snapper*, 171 F.3d at 1253 (alterations in original) (quoting Black's Law Dictionary 418 (6th ed. 1990) and Webster's New International Dictionary of the English Language 686 (2d ed. 1953)). *In Snapper*, the 11th Circuit gave examples of "legal requisites" of removal, like the filing and timeliness requirements under §§ 1446(a) and (b). Id. A failure to comply with these requirements renders the removal "defective" and justifies remand under § 1447(c).

Moreover, being a defendant in the case is a legal requisite for removal —§ 1441(a) states that a defendant must be the party to remove the case to federal court. *Cogdell v. Wyeth*, 366 F.3d 1245, 1248 (11th Cir. 2004). And as the Supreme Court held, it cannot be any defendant—it must be a party sued by the original plaintiff. *Home Depot*, 587 U.S. at 437.

Thus, in considering who can remove a case to federal court, the Supreme Court has distinguished between that category of "defendant" and everyone else. A non-party, like a third party, counterclaim, or crossclaim defendant, falls into the latter camp as a person who has no authority to remove a case. See *Home Depot*. Therefore, a removal by "everyone else" (even if that does include 5307 CWELT-2008), **is a defect in the removal proceedings** as "everyone else" does not meet the legal requirement under § 1441(a).

According to the Supreme Court's precedence in *Home Depot*, this Court's determination that a "business entity must be represented by an attorney," <u>does not implicate subject matter jurisdiction and thus must be objected to within 30 days or else waived.</u>

In *Wilson*, our 11th Circuit found that "an apt analogy to the improper non-party removal is the improper forum-defendant removal. Section 1441(b)(2) prohibits removing a civil action to federal court based on diversity jurisdiction if any properly joined defendants are citizens of the state where the case is brought. Yet the Eleventh Circuit has said – along with most of its sister circuits, that "such an improper removal is a waivable defect." See *Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1372 n.4 (11th Cir. 1998); *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 940 (9th Cir. 2006) (collecting cases).

The Eleventh Circuit recognized in *Wilson* that § 1447(c) covers defects beyond the mere mechanics and procedures of the removal process to include "more substantive" ones like those involving a party's citizenship. *Snapper*, 171 F.3d at 1258. In *Wilson*, the Eleventh Circuit saw "no good reason not to extend the same treatment to the improper removal by a non-party where the case could have been originally filed in federal court – the same is true here, regarding the alleged improper removal by an unrepresented business entity, as this instant case could have certainly been originally filed in this Court – no one, including the Court, disputes fact. In fact, the removal by a non-party to a case is much more absurd than a removal by an unrepresented LLC that's actually a named defendant in the underlying state court case.

The Eleventh Circuit said that "for the purposes of the removal statutes, there is no meaningful difference between a forum-defendant or a non-party removing a case—both have no statutory authority to do so. *See Wilson*. And according to the Eleventh Circuit, the operative questions to determine waiver are identical in both situations—did the parties object within 30

days, and does the federal court have subject matter jurisdiction – that operative question, is now before this Court.

Here, if Wells Fargo wanted to return the case to state court, it could have and should have filed a motion for remand within 30 days of 5307 CWELT-2008's February 24, 2025 removal – but it did nothing. Therefore, it has acquiesced to federal jurisdiction. *See Wilson.*

As such, removal here was proper, and the case/state court motion should not have been remanded.

- ***Timeliness of Removal is a Procedurally Defective – Not a Jurisdictional One[4]***

In *Shipley v. Helping Hands Therapy*, 996 F. 3d 1157 (11th Cir. 2021), our 11th Circuit recently ruled on this issue by stating that "given the untimeliness of Plaintiff's motion for remand, the Court should not remand for a defect in the removal procedure, rather than for lack of subject matter jurisdiction (holding that "timeliness of removal is a **procedural defect—not a jurisdictional one**") (emphasis added). Also *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (per curiam).

The 11th Circuit has also held that "Petitioning for removal outside of the 30-day window constitutes a defect in removal procedure which may be waived by failure to timely file a motion for remand." *see Wilson v. Gen. Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989). Therefore, if an opposing party does not object to an untimely notice of removal by timely filing a motion to remand, the objection is waived."

Therefore, based on the plain language of 28 U.S.C. § 1447(c), and the 11th Circuit's binding precedence, the Plaintiff here was required to file a motion for remand based on the

---

[4] Also see ECF No. 7, ¶¶ 41-48.

alleged untimeliness of 5307 CWELT's removal, and to do so within 30 days of the February 24, 2025 removal – i.e., by March 26, 2025. See 28 U.S.C. § 1447(c).

Indeed, the Court's March 6, 2025 *sua sponte* remand order is partially based on a defect in the removal procedure (i.e., "timeliness") rather than for lack of subject matter jurisdiction. *See Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (per curiam) (holding that "timeliness of removal is a procedural defect—not a jurisdictional one").

- ***The Failure of All Defendants to Consent To Removal is Procedurally Defective – Not Jurisdictional[5]***

The 11th Circuit concluded in the case of *In re Bethesda*, the failure to join all defendants in the petition is a defect in the removal procedure. (Also See Hernandez v. Seminole County, 334 F.3d 1233, 1237 (11th Cir. 2003) (quoting In re Bethesda Mem'l Hosp). Also see generally Russell Corp. v. Am. Home Assurance Co., 264 F.3d 1040, 1044 (11th Cir. 2001).

50. The unanimity requirement, which mandates that in cases involving multiple defendants, all defendants must consent to removal, is a procedural defect in the removal process and has absolutely nothing to do with the district court's subject matter jurisdiction. See *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245, 247-48, 20 S.Ct. 854, 44 L.Ed. 1055 (1900); *In re Ocean Marine Mut. Protection and Indem. Ass'n, Ltd.*, 3 F.3d 353, 355-56 (11th Cir.1993); *In re Federal Sav. & Loan Ins. Corp.*, 837 F.2d 432, 434 (11th Cir.1988),

51. The 11th Circuit has held that a remand based solely on the unanimity requirement "is clearly based on a defect in the removal process." See *In re Bethesda*, also see *In re Ocean Marine*, 3 F.3d at 355-56. In other words, the general rule is that if a case is remanded for failure to comply with the unanimity requirement, the remand is based on the second ground set forth in

---

[5] See ECF No. 7, ¶¶ 49-51.

§ 1447(c). *In re Ocean Marine*, 3 F.3d at 356. Normally, such a remand order is not subject to appellate review. However, the matter at hand, is not the normal case.

### (2) 5307 CWELT-2008 Will Suffer Irreparable Harm in the Absence of a Stay.

Absent a stay, the Defendant 5307 CWELT-2008 will suffer irreparable harm. This case will be remanded to state court for further proceedings, depriving the Defendant of its right to have a federal forum oversee this case, given the Defendant's viable arguments.

In *Thermtron*, the Supreme Court was so protective of diversity jurisdictional consideration, it made cases removed under violation of 1447(c), an exception to the general rule that remand orders are not reviewable by appeals or otherwise. See 28 U.S.C. § 1447c)-(d), also see *Thermtron*.

By creating this appeal right, the Supreme Court made clear the importance it places on the right of defendants to have claims against it adjudicated in a federal forum - in the context of diversity removals, Also See *BP p.l.c.*, 593 U.S. 230, 245 (2021) ("Congress has expressed a heightened concern for accuracy, authorized appellate review, and accepted the delay it can entail" for "cases removed pursuant to § 1442 or § 1443.").

The overriding interest in "the protection of a federal forum," *Willingham*, 395 U.S. at 407, is sufficient reason for this Court to pause this case until the Eleventh Circuit determines whether the case should proceed in federal court or state court. Requiring the Defendant to litigate in Florida state court therefore constitutes irreparable harm. A stay is appropriate until the Eleventh Circuit determines whether this Court or the state court may properly exercise jurisdiction.

### (3) A Stay will not Cause Substantial Injury to Plaintiff.

Plaintiff will not suffer substantial injury from a stay of the remand order. A stay will merely preserve the status quo while the appeal is pending, without affecting Plaintiff's ability to pursue the merits of the case. In contrast, denying a stay would force 5307 CWELT-2008 to litigate simultaneously in state court and in the Eleventh Circuit, undermining the federal interests protected by the Supreme Court.

### (4) The Public Interest Supports a Stay

The public interest weighs in favor of a stay because *Thermtron* reflects the Supreme Court's strong interest in ensuring that defendants have access to a federal forum. The Supreme Court under *Thermtron*, has provided that, unlike most remand orders, an order remanding a case that had not been removed based on 28 U.S.C. § 1447(c) (like this one), is appealable as a matter of right. See 28 U.S.C. 1447(d). Staying the remand order ensures that this important federal interest is preserved pending appellate review.

Under *Thermtron*, section 1447(d) only precludes appellate review of remand orders invoking 28 U.S.C. § 1447(c). Pursuant to *Thermtron*, a district court's failure to specifically address section 1447(c) gives a circuit court appellate jurisdiction under the *Thermtron* court's reading of the general prohibition against the review of a remand order found in section 1447(d).

Here, the Court's March 6, 2025 order fails to comply with *Thermtron* in that if fails to "specifically address section 1447(c)".

Pursuant to *Thermtron*, an appeal of the Court's March 6, 2025 *sua sponte* remand order is authorized because the action was removed under § 1332, and therefore this Court has jurisdiction to stay that remand order pending the appeal. *Georgia v. Meadows*, 692 F. Supp. 3d 1334, 1338 n.3 (N.D. Ga. 2023). *See also Plaquemines Par. v. Chevron United States, Inc.*, 84 F.4th 362, 372 (5th Cir. 2023) (court has jurisdiction to stay a remand order that has been sent to state court);   23-411, 2023 U.S. Dist. LEXIS 140169, at *6 (E.D. La. Aug. 11, 2023) ("the Court

finds it has the authority under Rule 62(a) to enter a permanent stay pending appeal of a remand order, when removal was sought pursuant to the federal officer removal statute.").

If the Eleventh Circuit reverses the remand order, the action once again will return to this Court. Moving forward in a state trial court prior to the disposition of the Defendant's Eleventh Circuit appeal could prove to be a waste of judicial resources and could cause unnecessary costs and expenses to be incurred by the parties. A stay of the remand order will also serve the interests of judicial economy and federalism, as it will avoid the waste of resources and the potential for conflicting rulings that may arise from parallel proceedings in state and federal courts.

## II.        CONCLUSION

The Defendant 5307 CWELT-2008 LLC hereby respectfully requests that the Court stay its March 6, 2025 remand order pending the conclusion of my appeal from that order in the Eleventh Circuit Court of Appeals.

Respectfully submitted,

Liszt Law, PA
By: /s/ Joshua Liszt
Joshua Liszt, Esq., FBN. 725811
3200 N Military Trail, Suite 110
Boca Raton, FL 33431
T 561-400-9053
E josh@lisztlawpa.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been provided by U.S. Mail, electronic mail and/or by PACER to all parties registered on the Florida E-filing portal on this 12th day of May, 2025 to the Plaintiff's Attorney at:

Liszt Law, PA
By: /s/ Joshua Liszt
Joshua Liszt, Esq., FBN 725811
3200 N Military Trail, Suite 110
Boca Raton, FL 33431
T 561-400-9053
E josh@lisztlawpa.com