**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

September 22, 2026

FILED BY AP D.C.
Sep 22, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

Clerk - Southern District of Florida
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 25-11237-FF
Case Style: Wells Fargo Financial System Florida, Inc. v. 5307 CWELT-2008 LLC
District Court Docket No: 0:25-cv-60354-RLR

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

Clerk's Office Phone Numbers

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

Enclosure(s)

MDT-1 Letter Issuing Mandate

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 25-11237

---

WELLS FARGO FINANCIAL SYSTEM FLORIDA, INC.,

*Plaintiff-Appellee,*

*versus*

5307 CWELT-2008 LLC,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:25-cv-60354-RLR

---

JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: August 24, 2026

For the Court: DAVID J. SMITH, Clerk of Court

ISSUED AS MANDATE: September 22, 2026

**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

For the Eleventh Circuit

---

No. 25-11237

Non-Argument Calendar

---

WELLS FARGO FINANCIAL SYSTEM FLORIDA, INC.,

*Plaintiff-Appellee,*

*versus*

5307 CWELT-2008 LLC,

*Defendant-Appellant.*

---

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:25-cv-60354-RLR

---

Before ROSENBAUM, GRANT, and LUCK, Circuit Judges.

PER CURIAM:

Wells Fargo Financial System sued 5307 CWELT-2008 LLC and other defendants in state court to foreclose on a mortgage in

2016. In 2025, CWELT removed the case to the United States District Court for the Southern District of Florida. CWELT asserted that removal was proper based on diversity. The district court, explaining that CWELT removed the proceeding (1) in a case that had been pending for many years, (2) without the consent of the other defendants, and (3) while purporting to act pro se as a business entity, remanded the matter to state court sua sponte. CWELT appeals the sua sponte remand order, arguing that the district court exceeded its authority by remanding based on procedural defects without waiting for a motion. We agree.

Under 28 U.S.C. section 1447(c), a "district court must wait for a party's motion before remanding a case based on procedural defect[s]." *Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d 1317, 1321 (11th Cir. 2001). If the district court doesn't wait, it "exceed[s] its authority under [section] 1447(c) by remanding [a] case because of a perceived procedural defect in the removal process without waiting for a party's motion." *Id.*

That's what happened here. Without waiting for a motion, the district court remanded Wells Fargo's lawsuit back to state court because of perceived procedural defects in the removal process. The district court cited CWELT's delay in removing the foreclosure lawsuit, for example, but "timeliness of removal is a procedural defect—not a jurisdictional one." *Moore v. N. Am. Sports, Inc.*, 623 F.3d 1325, 1329 (11th Cir. 2010) (per curiam).

So are the other reasons the district court gave for the sua sponte remand order—non-consent by the other defendants and lack of representation for the business entity. "[A] procedural defect . . . refers to any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Corp. Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1297 (11th Cir. 2009) (quoting *In re Allstate Ins. Co.,* 8 F.3d 219, 221 (5th Cir. 1993)). Like timeliness, neither of the other reasons go to whether this case could have originally been brought in federal court. *See In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1409–11 (11th Cir. 1997) (treating "failure of all defendants to either join in [] petition for removal or manifest their consent thereto" as a procedural defect).

The district court needed to wait for a motion before remanding for procedural defects in the removal process. Because it didn't, the court exceeded its authority under section 1447(c) by sua sponte remanding the foreclosure lawsuit back to state court. We therefore must reverse the "order remanding the case to the Florida court, and remand the case to the district court for further proceedings." *See Whole Health*, 254 F.3d at 1321.[1]

**REVERSED AND REMANDED.**

[1] "Our determination that the district court exceeded its authority under [section] 1447(c) also resolves the issue of our jurisdiction to review the remand order." *Whole Health*, 254 F.3d at 1321.

**UNITED STATES COURT OF APPEALS**
**FOR THE ELEVENTH CIRCUIT**

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

August 24, 2026

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 25-11237-FF
Case Style: Wells Fargo Financial System Florida, Inc. v. 5307 CWELT-2008 LLC
District Court Docket No: 0:25-cv-60354-RLR

Opinion Issued
Enclosed is a copy of the Court's decision issued today in this case. Judgment has been entered today pursuant to FRAP 36. The Court's mandate will issue at a later date pursuant to FRAP 41(b).

Petitions for Rehearing
The time for filing a petition for panel rehearing or rehearing en banc is governed by 11th Cir. R. 40-2. Please see FRAP 40 and the accompanying circuit rules for information concerning petitions for rehearing. The Court has proposed amending 11th Cir. R. 40-1 (Number of Copies) to no longer require paper copies of a petition for panel rehearing or a petition for rehearing en banc. Based on the proposed amendment, other than an original petition filed in paper by a non-electronic filer, **parties are asked not to submit any paper copies** of a petition for panel rehearing or a petition for rehearing en banc.

Costs
Costs are taxed against Appellee(s) / Respondent(s).

Bill of Costs
If costs are taxed, please use the most recent version of the Bill of Costs form available on the Court's website at www.ca11.uscourts.gov. For more information regarding costs, see FRAP 39 and 11th Cir. R. 39-1.

Attorney's Fees
The time to file and required documentation for an application for attorney's fees and any objection to the application are governed by 11th Cir. R. 39-2 and 39-3.

Appointed Counsel
Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation via the eVoucher system no later than 45 days after issuance of the mandate or the filing of a petition for writ of certiorari. Please contact the CJA Team at (404) 335-6167 or

cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

<u>Clerk's Office Phone Numbers</u>

| | | | |
|---|---|---|---|
| General Information: | 404-335-6100 | Attorney Admissions: | 404-335-6122 |
| Case Administration: | 404-335-6135 | Capital Cases: | 404-335-6200 |
| CM/ECF Help Desk: | 404-335-6125 | Cases Set for Oral Argument: | 404-335-6141 |

OPIN-1 Ntc of Issuance of Opinion